UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FREDERICK NEELY,<br><br>                Petitioner,<br><br>    vs.<br><br>JAMES ROWLAND,<br><br>                Respondent. | Case No. 2:00-cv-02122-JKS (HC)<br><br>MEMORANDUM DECISION |

       Charles Frederick Neely has filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. Petitioner is currently serving a term of life without possibility of parole in the California state prison after conviction for murder under special circumstances, robbery and burglary. Petitioner appealed his conviction and sentence to the California Court of Appeal, which, with a modification to the restitution fine imposed, affirmed in a partially published decision. *People v. Neely*, 82 Cal.Rptr.2d 886 (Cal.App. 1999). The California Supreme Court denied review. Petitioner also sought post-conviction relief in the California Superior Court, which denied his petition for reasons stated by the court on the record in open court.[1] Subsequent petitions to the California Court of Appeal and Supreme Court were summarily denied.

       The history of this case and the facts are well known to the parties and are set forth in detail in the opinion of the California Court of Appeals. In the interests of brevity they are not repeated here.

---

[1] Petitioner raised two ineffective assistance claims in his *habeas* petition to the California Superior Court: (1) the failure to argue the law of the case doctrine and (2) the failure to use the prior allegedly inconsistent testimony to impeach a witness. The Superior Court denied the petition on the first point as it was pending before the California Court of Appeal on direct appeal. Petitioner has not raised the second point in his petition to this Court and it has been abandoned. Accordingly, the *habeas* proceedings before the California courts are irrelevant to the determination of the petition at bar.

The *habeas corpus* proceedings in the California Courts overlapped his direct appeal. The California Supreme Court denied review on direct appeal on June 23, 1999 and his petition for *habeas corpus* on September 29, 1999. Petitioner timely filed his petition in this Court on September 29, 2000.

Petitioner raises five claims in his petition. (1) The voice identification by Barbara Chester was the "fruit" of a Sixth Amendment right to counsel violation.[2] (2) In moving to suppress the voice identification, trial counsel was ineffective by failing to invoke the law of the case or collateral estoppel. (3) Admission of the extrajudicial statements of Monte Handley (an accomplice) identifying petitioner as a perpetrator violated Petitioner's Sixth Amendment right to confront witnesses. (4) The testimony of Malcolm Centers (an accomplice) that Petitioner stated to him "We had to shoot the bastard," violated his Sixth Amendment right to confront witnesses. (5) Petitioner was prosecuted by a conflicted prosecutor in violation of Petitioner's due process rights under the Fourteenth Amendment. Petitioner alleges, and Respondent admits, that all his claims have been exhausted.

Because Petitioner filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Consequently, this Court cannot grant relief unless the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard). In applying this standard, this Court reviews the last reasoned decision by the state court, *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir.2004), which in this case was that of the California Court of Appeal. In addition, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

---

[2] In the California Court of Appeal opinion, she is identified as Barbara (Teater) Chester or simply as "Teater."

The California Court of Appeal rejected Petitioner's claims, applying the standard set forth in *Chapman v. California,* 386 U.S. 18, 24 (1967), finding that any error that occurred at Petitioner's trial was "harmless beyond a reasonable doubt." Under AEDPA, this Court can grant *habeas* relief only if the California court's decision applied *Chapman* in an "objectively unreasonable" manner. 28 U.S.C. § 2254(d)(1); *see Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Were this Court to conclude that the state court unreasonably applied *Chapman,* it would then have to determine whether any error that did occur had a "substantial and injurious effect" on the jury's verdict. *See Inthavong v. Lamarque,* 420 F.3d 1055, 1059 (9th Cir.2005). The Court does not find it necessary to conduct that analysis in this case, however, because the Court concludes that the state court's application of *Chapman* was not unreasonable. The California Court of Appeal held, 82 Cal.Rptr.2d at 791–92 (emphasis by the Court of Appeal):

> Defendant's argument for prejudice focuses, appropriately, on the star witness, Malcolm Centers, who was severely impeached at trial, due to his drug usage and sales and motive to lie.
>
> The Attorney General surmises — without dispute by defendant — that the jury based liability on an aider theory. Inasmuch as the jury found the murder occurred during the course of felonies, yet found personal firearm use enhancements were *not true,* we agree. As to aider liability, the evidence — apart from the Centers testimony — was overwhelming.
>
> Defendant's wife's truck was found at the scene, loaded with evidence, including a suitcase which contained defendant's clothes and a clip which fit a High Standard pistol. All three original defendants were seen together at the restaurant on the morning of the murder. Defendant had worked for the victim. Most importantly, *defendant hid out near the murder scene for three days,* during which time he stole clothes and broke into a vacant home; when arrested, he had $1,254 on his person.
>
> No plausible explanation for why defendant hid out in the brush or in the vacant home near the murder scene for three days is tendered on appeal. Defense counsel asserts defendant may have been off making drug deals, but that does not explain why he was stealing clothes and hiding out near the murder scene for days after the crime.
>
> Further, from Centers's girlfriend, Coe, we learn that defendant spoke of his gun jamming. Three bullets were fired at the scene, but only two shells were ejected; an expert explained that when a semiautomatic pistol jams, the shell may not eject. Coe heard discussions about a floor safe and tying a woman up, saw handcuffs and saw defendant with a gun which could have been a High Standard

.22. At the Chester home there *was* a floor safe, Chester *was* handcuffed, and a
clip for a High Standard pistol was found with *defendant's* clothes at the scene, in
a suitcase in a truck registered to defendant's wife. Coe also connected the plan to
DeArkland, which corroborates the tale told by Centers. That tale, if believed in
almost any particular, thoroughly implicated defendant as an aider, if not as the
shooter.

      Finally, the allegedly-tainted evidence — the aural identification by Teater
— was not strong. As defendant notes elsewhere, "Her identification rested on the
delicate footing of a single word uttered in a certain tone." In addition to
extensive expert analysis of and attack on the circumstance of the identification,
the jury knew it was based on a single spoken word and was based on the *tone* of
that word. It is unlikely that the jury paid much attention to this evidence, despite
all the ado caused by the competing expert witnesses about its reliability, *vel non*.
If the evidence should not have come in, the error was harmless beyond a
reasonable doubt.

This disposes of three of the five grounds raised: (1) The voice identification by Barbara Chester ("Teater"); (2) trial counsel was ineffective by failing to invoke the law of the case or collateral estoppel;[3] and (4) the testimony of Malcolm Centers.[4]

Turning to the third ground, the admission of the extrajudicial statement of Monte Hadley, an accomplice, violated the Sixth Amendment. In rejecting Petitioner's argument, in the unpublished part of its decision, the California Court of Appeal held:

      Contrary to appellate counsel's view, trial counsel made a *hearsay*
objection only: "If he wants to bring in Mr. Handley to testify, that's one thing.
But to try to get Mr. Handley's testimony in through somebody else where I don't
get to cross-examine him, that's another. *This is hearsay*." (Italics added.)  No
Sixth Amendment objection based on the right of confrontation was made. (Evid.
Code, § 353, subd. (a).)  Nor would one have succeeded as this testimony was not
admitted to prove the truth of the matter stated. Officer Hill was available to be
cross-examined about the reasons for his conduct.

California Evidence Code § 353(a) provides:

---

[3] This necessarily follows from the holding that the admission of the testimony, even if erroneous, was harmless. There is no a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

[4] As a result of this ruling, the Court need not address the issue of whether *Crawford v. Washington*, 541 U.S. 36 (2004) applies retroactively on collateral review.  *See Bockting v. Bayer*, 399 F.3d 1010 (9th Cir.2005), *cert. granted sub nom. Wharton v. Bockting*, 2006 WL 1310697 (May 15, 2006).

> A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless:
>
> (a) There appears of record an objection to or a motion to exclude or to strike the evidence that was timely made and so stated as to make clear the specific ground of the objection or motion; and
>
> \* \* \* \*

This Court may not reach the merits of procedurally defaulted claims, that is, claims "in which the petitioner failed to follow applicable state procedural rules in raising the claims * * *" *Sawyer v. Whitley,* 505 U.S. 333, 338, (1992). Under California law, because Petitioner failed to object to admission of the evidence on Sixth Amendment grounds, it is forfeited. *People v. Alvarez*, 58 Cal.Rptr.2d 385, 402-03 (Cal.1996). The California contemporaneous objection rule is "clear, consistently applied, and well-established" where, as here, a party fails to make a proper objection to the admission of evidence. *Melendez v. Pliler,* 288 F.3d 1120, 1124–25 (9th Cir.2002). The rule is therefore operative in the case at bar as an "adequate and independent" state procedural bar. *See Collier v. Bayer,* 408 F.3d 1279, 1283 (9th Cir.2005). Moreover, the California rule is entirely consistent with federal law as established by the United States Supreme Court, which also requires an objection state the specific ground on which it is based. FED. R. EVID. 103(a)(1); *see generally Yakus v. United States*, 321 U.S. 414, 444 (1944) ("No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it."); *Peretz v. United States*, 501 U.S. 923, 936–37 (1991) and the cases cited therein.

Turning to the fifth and final ground raised by Petitioner: that he was prosecuted by a conflicted prosecutor. In rejecting Petitioner's argument on that point, after noting that the trial court precluded the prosecutor from seeking the death penalty, which was not challenged by the prosecutor, the California Court of Appeal, in the unpublished part of its decision, held:

> Defendant asserts: "To the extent that there were discretionary decisions to make in obtaining a conviction for murder in the first degree with special circumstances, the bias evidenced by the political campaign was indivisible in rendering a likelihood that appellant would not receive a fair trial." We agree that prosecutors exercise discretion at every stage of a case (see e.g., *People* v.

*Conner*, *supra*, 34 Cal.3d at p. 149), but the only decision contested in the recusal motion and the hearing was the decision to seek the death penalty. No other discretionary decision was mentioned in the trial court. There was no claim that defendant may have suffered by the decision to retry him on the same charges upon which he was convicted once before. His claim was that another prosecutorial office should decide whether to seek the death penalty, which he asserted was due to Lacy's implied campaign promise. Defendant did not face the death penalty thereafter and we will not engage in a hypothetical "what if" about other, less significant, prosecutorial decisions which *could have been* made differently, when those decisions were never discussed below. If the deputy district attorney who actually tried the case made any particular decision which defendant thought was unfair, he has not pointed it out in his briefs.

Petitioner's argument before this court, as before the California Court of Appeal, does not raise any factual basis that the prosecutor was conflicted other than in seeking the death penalty. This Court agrees with the California Court of Appeal that the sole "conflict" was removed when the prosecution was barred from seeking the death penalty. Petitioner's other arguments on this issue are not only terse and undeveloped but, also, were not presented to the California Courts nor do they raise substantial federal questions.

Petitioner Charles Frederick Neely is not entitled to relief on any of the grounds presented in the Petition.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotation marks omitted)). All issues raised in the petition were addressed by the California Court of Appeal in its decision and no reasonable jurist could find that its decision was "objectively unreasonable."

Dated at Anchorage, Alaska this 22nd day of May, 2006.

                                              s/ James K. Singleton, Jr.
                                              JAMES K. SINGLETON, JR.
                                              United States District Judge